IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
WILLARD E. BARTEL, et al.,    :    CONSOLIDATED UNDER
(Administrators for Estate of :    MDL 875
Vondie M. Winn)               :
                              :
        Plaintiffs,           :
                              :
                              :
        v.                    :
                              :
                              :
A-C PRODUCT LIABILITY TRUST,  :    E.D. PA CIVIL ACTION NO.
ET AL.,                       :    2:11-31307-ER
                              :
        Defendants.           :
```

**O R D E R**

**AND NOW**, this **9th** day of **November, 2015**, upon consideration of the Motion for Summary Judgment (Judicial Estoppel) of Hanna Mining Company (ECF No. 66), and for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that the motion is **DENIED in part** and **DENIED without prejudice in part**, as follows:

(1)    The motion is **DENIED** as to the arguments related to judicial estoppel (with respect to <u>all</u> claims);

(2)    With respect to Plaintiffs' pre-petition <u>non-malignancy</u> claims, the motion is **DENIED without prejudice** as to the arguments related to the real party in interest/standing; and

(3)   With respect to Plaintiffs' post-petition
      <u>malignancy</u> claims, the motion is **DENIED** as to the
      arguments related to the real party in
      interest/standing.

It is **FURTHER ORDERED,** in accordance with the
accompanying memorandum, as follows:

(1)   The Clerk of this Court shall (a) make a copy of
      this order and the accompanying memorandum to be
      filed on the docket of Mr. Winn's bankruptcy case
      in the Bankruptcy Court for the Northern District
      of Ohio (No. 97-bk-17511-DFS); (b) ascertain the
      identity of the trustee; and (c) have served upon
      the trustee a copy of said order and memorandum
      at his/her last known address;

(2)   The trustee will have sixty (60) days from the
      date of the filing of the memorandum and order on
      the docket of the Bankruptcy Court to provide a
      signed letter to this Court (a) confirming that
      he/she has petitioned the Bankruptcy Court to
      reopen Mr. Winn's bankruptcy proceedings and (b)
      certifying his/her intention to be added as a
      party-plaintiff in the instant case (substituting

only as to the non-malignancy claims, with the
Administrators of Mr. Winn's estate (Willard E.
Bartel and David E. Peebles) continuing as the
named Plaintiffs with respect to the malignancy
claims);

(3)   Once the trustee has petitioned the Bankruptcy
Court to reopen the bankruptcy proceedings, and
until a motion for substitution as party-
plaintiff has been filed by the trustee, he/she
is to file a monthly status update with this
Court (by the last day of each month), (a)
informing the Court of the status of the petition
to reopen, and (b) certifying his/her continuing
intention to pursue the non-malignancy claims in
the instant case;

(4)   If the bankruptcy proceedings are reopened, the
trustee will have thirty (30) days from the date
of the Bankruptcy Court's order reopening those
proceedings to move in the instant case to be
added as a party-plaintiff (with respect to the
non-malignancy claims only);

(5)   In the event that the trustee (a) fails to advise
this Court within the sixty (60) day timeframe

3

that he/she has petitioned the Bankruptcy Court
to reopen Mr. Winn's bankruptcy proceedings and
intends to proceed with the non-malignancy
claims, (b) declines to petition for reopening of
those proceedings, (c) fails to provide a monthly
status update after having petitioned the
Bankruptcy Court, or (d) fails to move to be
added as party-plaintiff in the instant case
(substituting only for the non-malignancy
claims) within thirty days of the Bankruptcy
Court's reopening of the bankruptcy case: the
Court will give Plaintiffs an additional thirty
(30) days[1] to provide this Court with notice that
they intend to (1) pursue only the malignancy
claims, or (2) petition the Bankruptcy Court for
the Northern District of Ohio to reopen the
bankruptcy proceedings and move in that court to
compel abandonment of the non-malignancy claims.

**AND IT IS SO ORDERED.**

**s/ Eduardo Robreno**
**EDUARDO C. ROBRENO,    J.**

---

[1]       This would be ninety (90) days from the date the
memorandum and order are filed on the Bankruptcy Court's docket
(for events pursuant to 5(a) or 5(b); or thirty (30) days from
the date of the pertinent failure pursuant to 5(c) or 5(d)).